IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEL BLASTER, INC.,<br><br>*PLAINTIFF*,<br><br>V.<br><br>UNLOCX INC.,<br><br>*DEFENDANT*. | CASE NO. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gel Blaster, Inc. ("Gel Blaster") files this Original Complaint against Defendant UnlocX Inc. for trademark infringement and unfair competition in violation of 15 U.S.C. § 1114 and § 1125(a)(1)(A) as well as trademark infringement, unfair competition, and unjust enrichment under Texas law.

Gel Blaster seeks: (1) actual and exemplary damages from Defendant, including an accounting of profits; (2) any damages sustained by Gel Blaster; (3) refusal of Defendant's pending and infringing trademark applications at U.S. Serial No. 97284788 and No. 97743365; (4) a permanent injunction; and (5) Gel Blaster's attorneys' fees and costs of court due to this being an exceptional case under 15 U.S.C. § 1117(a).

## I. PARTIES

1. Gel Blaster is a corporation organized and existing under the laws of the State of Texas with an address of 102 Carrington Street, Hutto, Texas, 78634.

2. Defendant UnlocX is a corporation organized and existing under the laws of the State of California, with a principal place of business at 828 Kingsford Street, Monterey Park,

California, 91754. Upon information and believe, Defendant is conducting business within the State of Texas and may be served with process via its registered agent Yongyu Liang at 828 Kingsford Street, Monterey Park, CA, 91754.

3. On information and belief, Defendant is unfairly competing with Gel Blaster through the unauthorized and infringing use of Gel Blaster's GEL BLASTER family of trademarks, both nationwide and within this Judicial District.

## II. JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over the Lanham Act claim in this action under 28 U.S.C. §§ 1331, 1338, and 1391.  The Court has supplemental jurisdiction over the Texas state law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and are so related to those claims as to be a part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant because, upon information and belief, the acts that are the subject of Plaintiff's claims, including trademark infringement, unfair competition, and unjust enrichment were committed by Defendant, in part, in the State of Texas, in this District.  Defendant conducts business nationwide through its own fully interactive website located at <https://myunlocx.com/> which utilizes Gel Blaster's trademarks in connection with the marketing, advertising, offer for sale, and sale of its competing toy guns and accessories and shipment of those products directly to consumers both nationwide and, upon information and belief, within this Judicial District.  Likewise, Defendant has used Gel Blaster's trademarks in connection with the offer for sale and sale of products through Amazon with shipment of those products to consumers nationwide and, upon information and belief, within this Judicial District. Through these actions,

Defendant has purposefully established minimum contacts with the State of Texas and this Judicial District, creating a substantial connection with the forum State. As a result, Defendant is doing business in this District and committing acts of infringement, unfair competition, and other wrongs in this District, such that Defendant should reasonably expect to be haled into court in Texas and this Judicial District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claims of this action occurred in this District and because the corporate Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

### III. FACTUAL ALLEGATIONS

**GEL BLASTER'S TRADEMARK RIGHTS**

7. Gel Blaster designs, creates, manufactures, offers for sale, and sells revolutionary toy guns that shoot non-toxic, environmentally- and pet-friendly absorbent beads known as Gellets®. Gellets disintegrate on contact and begin their dehydration process, leaving no stain, no mess, and no clean-up. Gel Blaster coined the term "Gel Blaster" to refer to its novel type of toy guns and has spent considerable time and effort developing its products. Reflecting that effort, Gel Blaster owns numerous federally-registered trademarks for GEL BLASTER® and GEL BLASTER®-formative marks.

8. Gel Blaster is the owner of the following family of trademarks registered on the USPTO Principal Register and Supplemental Register (together, the "GEL BLASTER Marks"):

| Trademark | Registration | Description of Goods and Services |
|---|---|---|
| GELBLASTER GELLETS | Filed: Sept. 15, 2020 | INT. CL. 28: NOVELTY TOY ITEMS IN THE NATURE OF WATER BEADS FOR USE WITH TOY GUNS. |

| | | |
|---|---|---|
| U.S. No. 6467161 Principal Register | Reg: August 31, 2021 | |
| [GEL BLASTER logo] No. 6778345 Principal Register | Filed: June 1, 2021  Reg: July 5, 2022 | **INT. CL. 28:** TOY PROJECTILE SHOOTERS AND ACCESSORIES THEREFOR; TOY PROJECTILES AND ACCESSORIES THEREFOR. |
| **GEL BLASTER** U.S. No. 6098219 Supplemental Register | Filed: April 13, 2020  Reg: July 5, 2022 | **INT CL. 28**: TOY GUNS. |
| [GEL BLASTER logo] U.S. No. 6098199 Supplemental Register | Filed: Feb. 19, 2020  Reg: July 7, 2020 | **INT. CL. 28:** TOY GUNS. |

*See* true and correct copies of the Certificates of Registration for the Gel Blaster Marks attached hereto as **Exhibit A.** Gel Blaster has spent considerable time, effort, and expense developing its GEL BLASTER Marks and related goods and has extensively advertised and promoted the goods offered in connection with its GEL BLASTER Marks to millions of consumers.

**GEL BLASTER'S EXPLOSIVE GROWTH**

9. In addition to its registrations on the Principal Register of the USPTO, Gel Blaster has expended substantial amounts of time, effort, and money to further the GEL BLASTER Marks, specifically including substantial marketing and advertising expenditures by Gel Blaster in 2021 and

2022. Gel Blaster's use of the GEL BLASTER Marks in commerce has generated rapid, explosive growth, resulting in millions of dollars in sales as well as nationwide recognition of the GEL BLASTER Marks as originating from the same, single source. Gel Blaster's use of the GEL BLASTER Marks has also resulted in Gel Blaster receiving unsolicited media attention in nationally and internationally recognized media formats such as Rolling Stone magazine among others, multiple national celebrity partnerships, and recognition as one of the fastest growing and top toy manufacturers in the United States, including runner-up for the American Specialty Toy Retailing Association's ("ASTRA") National Toy of the Year in May 2021. In 2022, Gel Blaster product was being sold in Wal-Mart stores (*See* **Exhibit B**) and Gel Blaster was recognized as one of the fastest growing toy companies by revenue outside of the top 10 by The NPD Group (*See* **Exhibit C**).

10. By virtue of Gel Blaster's extensive use and promotion of its GEL BLASTER Marks, Gel Blaster has established valuable goodwill in the marks and the public has come to associate the GEL BLASTER Marks with Gel Blaster. As such, the public has come to know "GEL BLASTER" as an indicator of toy guns and accessories that originate from the same, single source.

11. Gel Blaster has continuously used the GEL BLASTER Marks in commerce in connection with its toys and accessories since at least as early as September 17, 2019.

**DEFENDANT'S WRONGFUL CONDUCT**

12. Defendant is in direct competition with Gel Blaster, offering almost identical toy guns and accessories. Having apparently come to the market after Gel Blaster, Defendant received its first application for federal trademark registration of the mark "UnlocX" for use in connection with its toy gun products on September 28, 2021. *See* U. S. Registration No. 6502361 (the "UnlocX Registration"), attached hereto as **Exhibit D**. As the UnlocX Registration did not incorporate any

of the GEL BLASTER Marks, there was no infringement and the parties co-existed for a time.

13. On February 25, 2022—long after Gel Blaster's sales and exposure sky-rocketed beginning in mid-2021 and continuing beyond early 2022—Defendant then filed for registration of the mark "UnlocX Gel Blaster" in connection with the following goods:

> INT. Cl. 28: Airsoft guns for recreational purposes; Caps for toy pistols; Electronic targets; Firearm targets; Grip tape for airsoft guns for recreational purposes; Grip tape for paintball guns; Paintball guns; Paintballs; Percussion caps being toys; Storage racks for sporting goods in the nature of paint ball guns; Target games; Toy air pistols; Toy cap pistols; Toy guns; Toy holsters; Toy pistols; Toy projectile shooters and accessories therefor; Toy projectiles and accessories therefor; Toy water guns; Toy zip guns.

*See* Application Serial No. 97284788 owned by Defendant (the "First Infringing Application"), attached as **Exhibit E**.

14. The First Infringing Application was filed on an in-use basis under Lanham Act Section 1(a), claims first use in commerce on January 25, 2022, and published for opposition on January 17, 2023. At the time of this filing and in addition to numerous other high profile deals, Gel Blaster had already delivered 40,000 units to Walmart in December 2021.

15. Subsequently, and despite actual knowledge of Gel Blaster's rights in and to the GEL BLASTER Marks, Defendant filed still another application for registration of the standard character mark "UnlocX Gel Blaster" on January 5, 2023 for use in connection with the same or similar goods as follows:

> INT. CL 28. Airsoft guns for recreational purposes; Caps for toy pistols; Firearm targets; Grip tape for airsoft guns for recreational purposes; Paintball guns; Paintballs; Target games; Toy air pistols; Toy holsters; Toy pistols; Toy projectiles and accessories therefor; Toy water guns; Toy zip guns

*See* Application Serial No. 97743365 (the "Second Infringing Application"), attached hereto as **Exhibit F** (collectively, the "Infringing Applications").

16. Defendant has engaged in a deliberate attempt to capitalize on Gel Blaster's goodwill by infringing on the GEL BLASTER Marks online, in advertising, in the filing of its Infringing Applications, and as used directly on Defendant's competing products. Defendant's infringing use of the GEL BLASTER Marks is in direct competition with Gel Blaster and without its permission, despite Gel Blaster's prior use in commerce and earlier federal registrations. Defendant has used and currently still uses the GEL BLASTER Marks, or marks almost identical and confusingly similar to the GEL BLASTER Marks, in connection with virtually identical goods.

17. Defendant has no license, authority, or other permission from Gel Blaster to use the GEL BLASTER Marks in connection with the advertising, promotion, distribution, public display, sale, and/or offer for sale of any product, including but not limited to online on its website, in advertising, on its own products, or in the Infringing Applications at issue.

**DEFENDANT'S INFRINGEMENT IS WILLFUL**

18. Defendant has participated in an ongoing and willful pattern of infringement of the GEL BLASTER Marks despite notice from Gel Blaster.

19. On or about February 16, 2022, Gel Blaster provided notice to Defendant of its GEL BLASTER Marks and advised that Defendant's use of "Gel Blaster" in connection with the same or similar toy gun products and accessories constitutes trademark infringement, among other claims. *See* February 16, 2022 communication from Gel Blaster to Defendant, attached as **Exhibit G**. At that time, Gel Blaster requested that Defendant cease any and all use of "Gel Blaster" in connection with its competing toy gun products and accessories, including on its website at <myunlocX.com>

and in other marketing and advertising of its "Gel Blaster" and "Gel Balls." And while it appeared that Defendant initially would comply with Gel Blaster's requests—including removing online advertising that included the GEL BLASTER Marks—Defendant ultimately doubled down, filing its First Infringing Application for "UnlocX Gel Blaster" just days later on February 25, 2022.

20. As a result of Defendant's ongoing and intentional infringement, Gel Blaster sent a second letter on November 18, 2022. *See* **Exhibit H**. There, Gel Blaster welcomed Defendant to the retail space but reiterated its request that Defendant refrain from infringing on the GEL BLASTER Marks. Still, Defendant's intentional infringement continued. Once again, in response to this second notice of Gel Blaster's rights, Defendant filed the Second Infringing Application for registration of the standard character mark "UnlocX Gel Blaster" on January 5, 2023.

21. Nevertheless, and as recently as the date of the filing of this Complaint, Defendant continues to use the GEL BLASTER Marks, or marks almost identical and confusingly similar to the GEL BLASTER Marks, in connection with virtually identical goods and has refused to withdraw its Infringing Applications, demonstrating that Defendant's willful infringement of Gel Blaster's GEL BLASTER Marks continues to this day. Thus, despite specific identification of the infringing use of the GEL BLASTER Marks and demand that Defendant cease and desist from such infringement, Defendant intentionally and willfully continues to use the GEL BLASTER Marks, or marks that are confusingly similar, on the same or similar products and in direct competition with Gel Blaster.

22. Defendant's intentional, ongoing, and unauthorized use of the GEL BLASTER Marks as set forth herein constitutes acts of trademark infringement and unfair competition under the Lanham Act, as well as trademark infringement, unfair competition, and unjust enrichment

under Texas law.

**UNLESS DEFENDANT IS ENJOINED, GEL BLASTER WILL SUFFER IRREPARABLE HARM FOR WHICH IT HAS NO REMEDY AT LAW**

23. Unless Defendant is enjoined, Gel Blaster will suffer irreparable harm. Defendant's actions demonstrate that it will continue to trade on the substantial goodwill Gel Blaster has built in its marks, allowing Defendant to profit unfairly from its trademark infringement, unfair competition, and other wrongs. Moreover, Gel Blaster has no ability to control the quality of the goods provided by Defendant in conjunction with its infringing marks, including but not limited to those listed in the Infringing Applications. Therefore, Gel Blaster is at an extreme risk of irreparable harm for which there is no remedy at law and for which money damages cannot repair.

24. For example, if customers of Defendant experience inferior goods or are otherwise unhappy with the performance of Defendant's goods, they will likely mistakenly attribute that bad experience to Gel Blaster's GEL BLASTER Marks due to Defendant's adoption of essentially the same mark. This is heightened by Defendant's strategy to provide the same or similar goods and services to the same or similar customer base using the same advertising channels in connection with the same mark. Moreover, as established above, these actions are taken intentionally by Defendant, even after notice, as part of a scheme to trade on the goodwill built by Gel Blaster through its investment of time, effort, and millions of dollars in advertising the GEL BLASTER Marks. Defendant is intentionally trading off the goodwill Gel Blaster has built up in its GEL BLASTER Marks through its prior use and explosive growth in commerce.

**COUNT 1**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

25. Gel Blaster repeats and re-alleges the allegations contained in the preceding

paragraphs as if fully set forth herein.

26. Defendant's acts committed in the course of Internet commerce constitute trademark infringement of the GEL BLASTER Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registration and extensive use and national recognition of the GEL BLASTER Marks, Gel Blaster is the owner of the marks, Gel Blaster is the senior use of the marks, and the marks are valid, protectable, and enforceable against Defendant. Moreover, Defendant's actions have caused and continue to cause a likelihood of confusion and damage to Gel Blaster. In particular, through the infringing use of the GEL BLASTER Marks, Defendant is trading on Gel Blaster's substantial goodwill, harming Gel Blaster, and diverting sales that would otherwise go to Gel Blaster. Defendant's use of the GEL BLASTER Marks is intended and likely to cause confusion and mistake as to the source of Defendant's services.

27. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be enjoined from using the GEL BLASTER Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, or otherwise, to market, advertise, or identify Defendant's competing goods.

28. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Gel Blaster is entitled to recover from Defendant: (i) Defendant's profits, and (ii) the costs of this action. Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Gel Blaster seeks treble the amount of its actual damages. Due to the exceptional nature of this case, Gel Blaster also seeks its reasonable attorney's fees and costs.

## COUNT 2
## UNFAIR COMPETITION

**15 U.S.C. § 1125(a)**

29. Gel Blaster repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Defendant's acts committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendant's goods, and the affiliation, sponsorship, and approval of Defendant's goods in violation of Section 43(a)(1)(A) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A).

31. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be enjoined from using Gel Blaster's GEL BLASTER Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, or otherwise, to market, advertise, or identify Defendant's competing goods and services.

32. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Gel Blaster is entitled to recover from Defendant: (i) Defendant's profits and (ii) the costs of this action. Due to the exceptional nature of this case, Gel Blaster seeks its reasonable attorney's fees. Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Gel Blaster seeks treble the amount of its actual damages. Due to the exceptional nature of this case, Gel Blaster also seeks its reasonable attorney's fees and costs.

**COUNT 3**
**COMMON-LAW TRADEMARK INFRINGEMENT**

33. Gel Blaster repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34. The foregoing acts of Defendant constitute infringement of Gel Blaster's common-

law trademark rights in and to the GEL BLASTER Marks in violation of Texas state law.

35. As established above, Gel Blaster is the senior use of the GEL BLASTER Marks and enjoys common-law rights in and to those mark under state law, including but not limited to priority over Defendant. Gel Blaster's prior use of the GEL BLASTER Marks in commerce has resulted in the marks being protectable and enforceable. Defendant's use in commerce of essentially identical and confusingly similar marks in connection with competing goods constitutes infringement of Gel Blaster's common-law rights to its GEL BLASTER Marks. Defendant's use of the marks is likely to cause confusion or mistake as to the source of Defendant's goods.

36. In accordance with Texas law, Defendant should be enjoined from using the GEL BLASTER Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's goods, which are in direct competition with those offered by Gel Blaster.

37. Gel Blaster has been damaged by Defendant's actions. Under Texas law, Gel Blaster is entitled to recover Defendant's ill-gotten profits resulting from Defendant's trademark infringement and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

## COUNT 4
## STATE LAW UNFAIR COMPETITION

38. Gel Blaster repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

39. Upon information and belief, Defendant has engaged in commerce in the State of Texas and this Judicial District by marketing, offering to sell, and selling competing toy guns and accessories using Gel Blaster's GEL BLASTER Marks or confusingly similar marks. Defendant has

competed unfairly in violation of Texas law by misrepresenting or misleading the public to believe that Defendant's goods are sponsored by, approved by, affiliated with, associated with, or originated with Gel Blaster.

40. In accordance with Texas law, Defendant should be enjoined from using Gel Blaster's GEL BLASTER Marks and any confusingly similar variations thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify its competing goods.

41. Gel Blaster has been damaged by Defendant's actions. Under Texas law, Gel Blaster is entitled to recover its actual damages caused by Defendant's unfair competition and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

## COUNT 5
## STATE LAW UNJUST ENRICHMENT

42. As set forth above, Defendant has used Gel Blaster's GEL BLASTER Marks and goodwill in connection with Defendant's sales of its goods. On information and belief, Defendant has received a direct pecuniary benefit from these unlawful acts. Defendant is therefore unjustly enriched to Gel Blaster's detriment. As a result, Gel Blaster is entitled to recover its actual damages caused by Defendant's unjust enrichment.

### IV. APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

43. On information and belief, Defendant, unless enjoined, will continue to use marks that are likely to cause confusion as to the source of its products and services and use marks that incorrectly suggest or are likely to cause confusion as to whether Defendant is affiliated with Gel Blaster. All of these acts violate the Lanham Act and Texas law.

44. These actions entitle Gel Blaster to a preliminary injunction and, upon hearing,

permanent injunction enjoining Defendant, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendant, from:

(i) Representing that Defendant's goods are in any way sponsored by, approved by, affiliated with, associated with, or originated by Gel Blaster;

(ii) Using the GEL BLASTER Marks and any confusingly similar variations thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's similar and competing goods, including but not limited to "Gel Blaster"; and

(iii) Otherwise competing unfairly with Gel Blaster or injuring its business reputation in any manner.

45. For these actions, there is no adequate remedy at law. Gel Blaster is substantially likely to prevail on the merits of these claims, and the injury to Gel Blaster greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of Gel Blaster. Finally, the injunction will not disserve the public interest. Therefore, Gel Blaster is entitled to preliminary and permanent injunctive relief against Defendant.

## V. DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Gel Blaster hereby demands a trial by jury on its claims alleged against Defendant.

## VI. REQUEST FOR RELIEF

For these reasons, Plaintiff Gel Blaster, Inc. requests that this Court enter judgment in its favor and against Defendant UnlocX, Inc. on all counts plead herein, and:

1. Award Gel Blaster its actual, treble, and exemplary damages;

2. In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and its agents, servants, employees, franchisees, attorneys, and all those persons in active concert or participation with Defendant, from

  a. Representing that Defendant's goods are in any way sponsored by, approved by, affiliated with, associated with, or originated by Gel Blaster;

  b. Using the GEL BLASTER Marks and any confusingly similar variations thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's similar and competing goods, including but not limited to "Gel Blaster"; and

  c. Otherwise competing unfairly with Gel Blaster or injuring its business reputation in any manner.

3. Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's goods that infringe the GEL BLASTER Marks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Gel Blaster;

4. In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the GEL BLASTER Marks be surrendered for destruction;

5. Order that Defendant must file with the Court and serve on Gel Blaster's counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6. In accordance with 15 U.S.C. §§ 1117(a) and (d), award Gel Blaster all of Defendant's profits and damages from the aforesaid acts of trademark infringement and unfair competition;

7.      In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Gel Blaster's favor and award Gel Blaster its reasonable attorney's fees, costs, and expenses of this action;

8.      Award Gel Blaster its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate; and

9.      Grant Gel Blaster such other relief, at law or in equity, to which it is justly entitled.

Dated: March 17, 2023

Respectfully submitted,

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas State Bar No. 24002418
darin.klemchuk@klemchuk.com
Mandi M. Phillips
Texas State Bar No. 24036117
mandi.phillips@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com

**KLEMCHUK PLLC**
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Tel: 214-367-6000
Fax: 214-367-6001

**COUNSEL FOR PLAINTIFF**
**GEL BLASTER, INC.**